(98 App. Div. 630)

## DAVY v. DAVY et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. CONTRACTS—FRAUD.
    Where plaintiff intended to have an agreement by defendant to pay a certain sum due incorporated in a written compromise, defendant's act in procuring the execution of the writing without the agreement to pay was a fraud on plaintiff.

2. SAME—CANCELLATION—REFORMATION.
    Plaintiff and defendants, being beneficiaries under a will requiring one of defendants to pay plaintiff a sum of money at the end of 18 months, and making such sum a lien on property devised to defendants, made an agreement in writing for the settlement of the estate in less than 18 months, which agreement, by either fraud or mistake, omitted a provision that payment of the sum due plaintiff should be made in six months, and contained a waiver of the lien. This agreement was performed with the exception of the payment to plaintiff. Held, that it should not be set aside for the fraud or mistake, but reformed.

Appeal from Trial Term, Monroe County.

Action by Kate L. Davy against Samuel Davy and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Chamberlain & Page, for appellants.
George E. Warner, for respondent.

WILLIAMS, J. The judgment should be reversed, and judgment of reformation directed, with costs of trial court, but not this court, to the plaintiff.

The action was to set aside a contract for fraud and mutual mistake. The parties are brothers and sisters. Their father, James Davy, died April 15, 1903, leaving a will providing for the disposition of his real and personal property among his children. Samuel was appointed, qualified, and acted as executor. The estate included a farm of about 109 acres. It was being worked by Samuel under an agreement that the deceased should furnish the teams, tools, and seed, and should have two-thirds of the crops, and Samuel should do the work and have one-third of the crops. By the will Jerry was given a part of the farm, consisting of 52 acres, of the value of $3,500, and was to pay the plaintiff out of the same $1,400 within 18 months after the death, and also a granddaughter $300 within the same time. Samuel was given another part of the farm, consisting of 48 acres, of the value of $4,000, and to pay therefrom $1,300 to a daughter and $400 to Mrs. Nurden within 18 months after the death. The plaintiff was given the balance of the farm, about 8 or 9 acres, where she lived, and the $1,400 to be paid her by Jerry, which was made a lien on the land given Jerry by the will. She was also given the two-thirds of the crops on the farm worked by Samuel until the estate was settled up. There were other provisions as to other real and personal property, and then the plaintiff was made the residuary legatee.

It will be observed that by the terms of the will this farm of 109 acres was to remain in the possession of plaintiff and Samuel until the settlement of the estate, usually about 18 months, and during that time Samuel was to continue working it, and plaintiff was to receive two-thirds of the crops. The teams and tools used in the working of the farm, which were disposed of by the will, were also to be kept on the farm during the 18 months, and the plaintiff was not to have her $1,400 until 18 months after the death. May 25, 1903, the parties to this action made an agreement designed to relieve them from this condition, so that each person to whom real estate and personal property were given could have possession thereof at once, and the plaintiff would be paid her $1,400 6 months after the agreement, instead of 18 months after the death. It was distinctly understood that the agreement should provide for this payment of $1,400 in six months, but the provision was left out of the agreement as executed, either intentionally or by mistake. The plaintiff expected and intended to have it in the agreement. The defendants, if their evidence is to be credited, did not expect or intend to have it inserted, and it was a fraud upon plaintiff to have it left out, and to induce her to execute the agreement in that condition; and the court properly so held. The agreement apparently provided for a release by plaintiff of her lien for the $1,400 upon the land given Jerry under the will. It is conceded that, if this was so, it was a mutual mistake; that none of the parties intended such a provision to be inserted. The agreement seems to us to provide for this release, but, if it is doubtful, then certainly the judg-

ment herein should set the question at rest by providing that such lien still exists. The plaintiff released valuable interests under the agreement, and the terms of the agreement have been carried out by the parties, except that the $1,400 has not been paid to the plaintiff, though nearly 18 months have elapsed since the agreement was made, and more than 18 months since the death. The court set aside the contract wholly, with costs. We think this was not quite equitable or proper under the circumstances. The plaintiff could be fully protected by so reforming the contract as to make the lien for the $1,400 certain, and by inserting the provision making the $1,400 payable to plaintiff 6 months after the making of the agreement, instead of leaving it payable 18 months after the death, as provided by the will. This will protect plaintiff as to the time of payment, because interest on the $1,400 will be payable from the expiration of the six months provided for. If the agreement is wholly vacated and set aside, the parties are left to further litigation, which will be expensive, and should be avoided.

It does not seem necessary to send the case back for a new trial. We should reverse the judgment appealed from, and order judgment reforming the agreement in the two respects we have considered, with costs of the trial court, but without costs in this court to either party. If then the $1,400 and interest should not be paid, the plaintiff will have her remedy by action and the enforcement of her lien.

Judgment reversed, and judgment directed reforming the agreement in the two respects specified in the opinion, with costs to the plaintiff in the court below, but no costs allowed to either party upon this appeal. Order to be settled by and before WILLIAMS, J., on two days' notice. All concur.